UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------
PAUL SMITH,

                                Plaintiff,

                                                                         9:07-CV-0598
                                                                        (GLS)(GHL)

  v.

LAKEVIEW CORRECTIONAL FACILITY, Admin. and
Disciplinary Dept.; UPSTATE CORRECTIONAL FACILITY,
Admin. and Disciplinary Dept.; DEPARTMENT OF CORRECTIONS,

                                Defendants.
--------------------------------------------------------------------------
APPEARANCES:

PAUL SMITH
Plaintiff, *pro se*
00-A-2268

GARY L. SHARPE, U.S. DISTRICT JUDGE

## **DECISION AND ORDER**

**I.     Background.**

      The Clerk has sent to the Court a civil rights complaint, together with an application to proceed *in forma pauperis* filed by Paul Smith ("plaintiff" or "Smith"), who is presently incarcerated at the Upstate Correctional Facility.

      For the reasons set forth below, the Court orders plaintiff to file an amended complaint should he wish to avoid the dismissal of his action.

**II.    Discussion.**

      (A)    Rules Governing Pleading Requirements.

      Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, *inter alia,* "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed.R.Civ.P. 8(a)(2). The

purpose of this Rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (*quoting Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y.1995) (McAvoy, C.J.) (other citations omitted)).

Moreover, Rule 10 of the Federal Rules of Civil Procedure provides, in part:

> **(b)  Paragraphs; Separate Statements.**  All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings.  Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.

The purpose of Rule 10 is to "provide an easy mode of identification for referring to a particular paragraph in a prior pleading...." *Sandler v. Capanna*, No. 92-4838, 1992 WL 392597, at *3 (E.D.Pa. Dec. 17, 1992) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1323 at 735 (1990)).

A complaint that fails to comply with these Rules presents too heavy of a burden for the defendants in shaping a comprehensive defense, provides no meaningful basis for the Court to assess the sufficiency of plaintiff's claims, and may properly be dismissed by the Court.  *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996) (McAvoy, C.J.).  As the Second Circuit has stated, "[w]hen a complaint does not comply with the requirement that it be short and plain, the Court has the power to, on its own initiative, ... dismiss the complaint." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).  "Dismissal, however, is usually reserved for those cases in which the complaint

is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Hudson*, 1998 WL 832708, at *2 (citation omitted). In those cases in which the court dismisses a *pro se* complaint for failure to comply with these Rules, it should afford the plaintiff leave to amend the complaint to state a claim that is on its face nonfrivolous. *See Simmons II v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995).

(B)   Allegations Contained in the Complaint.

Initially, the Court notes that much of the complaint is illegible. Thus, this Court is uncertain what claims plaintiff seeks to assert. Plaintiff is advised that Local Rule 10.1 requires the text of all documents to be ***legibly*** written (typewritten, printed or reproduced) and ***double spaced***.

Plaintiff also names the Lakeview Correctional Facility as a defendant in this action. However, Lakeview is located in the Western District of New York and any complaint regarding events arising in that facility must be filed in the federal court in the Western District of New York. Accordingly, the Lakeview Correctional Facility will be dismissed as a defendant in this action.

With respect to the remaining Defendants, plaintiff will be required to file an amended complaint that is legible and which fully sets forth plaintiff's claims. Plaintiff is advised that plaintiff may not name a correctional facility or a Department, such as the New York State Department of Correctional Services, as a defendant if plaintiff seeks only monetary damages from that entity. This is due to the fact that an agency of the State is entitled to sovereign immunity under the Eleventh Amendment to the United States Constitution. *See Proctor v. Vadlamudi*, 992 F. Supp 156 (N.D.N.Y. 1997)

(Pooler, J.).

When re-drafting his complaint, plaintiff is advised that the law in this Circuit clearly provides that "complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions..." *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987) (other citations omitted)); *Pourzandvakil v. Humphry*, 94-CV-1594, 1995 U.S.Dist. LEXIS 7136, at *24-25 (N.D.N.Y. May 22, 1995) (Pooler, J.) (citation omitted).  Thus, in his amended complaint, plaintiff must clearly set forth the facts, including the wrongful acts that give rise to the claim, the dates, times and places of the alleged acts, and the individual(s) who committed each alleged wrongful act.

Accordingly, Smith is advised that unless he files an amended complaint **within thirty (30) days** from the date of the filing of this Order, this action will be dismissed. Any such amended complaint, **which shall supersede and replace in its entirety the previous complaint filed by plaintiff**, must contain a caption that clearly identifies, by name, each individual and/or entity that Smith is suing in the present lawsuit, and must bear the case number assigned to this action.  The body of plaintiff's complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph.

Plaintiff's amended complaint shall also assert claims against each and every defendant named in such complaint, and shall be filed with the Court **within thirty (30) days** from the date of the filing of this Order.  Any defendants not named in such

4

pleading shall not be defendants in the instant action.  Plaintiff is further cautioned that no portion of any prior complaint shall be incorporated into his amended complaint by reference.  Plaintiff shall submit only one amended complaint in accordance with the terms of this Order.  Therefore, **plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all claims that he wishes this Court to consider as a basis for awarding plaintiff relief herein; his failure to file such a pleading will result in dismissal of this action without further Order of the Court.**

### III.     *In forma Pauperis* Application.

Turning to plaintiff's *in forma pauperis* application, after reviewing the entire file herein, the Court finds that plaintiff's *in forma pauperis* application may be granted.

WHEREFORE, it is hereby

ORDERED, that Lakeview Correctional Facility is dismissed as a party to this action, and it is further

ORDERED, that plaintiff file with the Court **within thirty (30) days** from the date of the filing of this Order, an amended complaint which complies fully with the terms of this Order as detailed above, and it is further

ORDERED, that if plaintiff fails to file such an amended complaint **within thirty (30) days** from the date of the filing of this Order, the Clerk shall enter judgment dismissing this action without further order of this Court due to plaintiff's failure to comply with the terms of this Order, and it is further

ORDERED, that any individual plaintiff seeks to name as a defendant in this

action must be named in the caption of the complaint, and there must be specific allegations of wrongdoing by each such individual in the body of the complaint, and it is further

ORDERED, that plaintiff's *in forma pauperis* application is granted.[1]  The Clerk shall provide the Superintendent of the facility designated by plaintiff as his current location with a copy of plaintiff's authorization form, and notify the official that this action has been filed and that plaintiff is required to pay the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915, and it is further

ORDERED, that the Clerk provide a copy of plaintiff's authorization form to the Financial Deputy of the Clerk's Office, and it is further

ORDERED, that the Clerk serve a copy of this Order on the plaintiff by regular mail.

IT IS SO ORDERED.

June 12, 2007
Albany, New York

*[signature]*
United States District Court Judge

---

[1] Plaintiff should note that although the application to proceed *in forma pauperis* has been granted, plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.